UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOSEPH V. FOSTER JR.(#75808)

VERSUS                                               CIVIL ACTION

TIM DELANEY, ET AL                                   NUMBER 15-155-BAJ-SCR

**<u>NOTICE</u>**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, June 2, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOSEPH V. FOSTER JR.(#75808)

VERSUS                                              CIVIL ACTION

TIM DELANEY, ET AL                                  NUMBER 15-155-BAJ-SCR

### MAGISTRATE JUDGE'S REPORT

Before the court is the plaintiff's Applicaation for a Writ of Mandamus (sic). Record document number 17.

Plaintiff filed a motion to proceed in forma pauperis.[1] The district judge granted the motion on May 8, 2015 and ordered the plaintiff to pay a partial filing fee of $.85 within 21 days from the date of the order.[2] Plaintiff failed to timely pay the partial filing fee. Plaintiff filed this motion, and a Motion for Extension of Time to pay the partial filing fee, on June 1, 2015.[3]

For the reasons which follow, the plaintiff's Applicaation for a Writ of Mandamus (sic) should be denied.

### Mandamus

A writ of mandamus is used to compel an officer of the United States or any agency thereof to perform a duty owed to the

---

[1] Record document number 2.

[2] Record document number 15.

[3] Record document number 16.

petitioner.  28 U.S.C. § 1361.  The prison official against whom the plaintiff sought mandamus relief, an unidentified accountant for Inmate Banking at Elan Hunt Correctional Center ("EHCC") is not an officer of the United States.  The United States District Court lacks jurisdiction over actions in the nature of mandamus to compel state officers or employees to perform duties allegedly owed to the plaintiff under state law.

Furthermore, even if mandamus relief was available to the plaintiff, for him to be successful he must "demonstrate (1) a clear right to the relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy." *In Re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997).  Plaintiff failed to meet the any of requirements necessary for the issuance of a writ of mandamus.

The Account Statement filed with the application showed that the plaintiff had a $4.28 balance in his Reserve account as of April 26, 2015, but his Offender Funds Withdrawal Request was made on May 14, 2015 and returned N.S.F. on May 22, 2015.  Plaintiff has not shown that he had sufficient funds in his Reserve account to cover the requested withdrawal on May 14.  Plaintiff has only shown that there was sufficient money in his Reserve account as of April 26.  Consequently, he would not be entitled to mandamus relief compelling the unidentified EHCC accountant to pay the partial filing fee from the plaintiff's Reserve account.

Plaintiff explained that the Reserve account can be used only to make canteen purchases. Nonetheless, the plaintiff argued that the money in the Reserve account is his money and he should be allowed to use the money to pay the court-ordered partial filing fee.

Plaintiff has not shown that he has the right to use the money in his Reserve account for payment of court costs. Plaintiff acknowledged that the money in the Reserve account is for canteen purchases only. Consequently, the plaintiff has not shown that the unidentified accountant for Inmate Banking at EHCC breached any clear duty owed to the plaintiff by not withdrawing money from the plaintiff's Reserve account to pay this court's partial filing fee.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the plaintiff's Applicaation for a Writ of Mandamus (sic) be denied.

Baton Rouge, Louisiana, June 2, 2015.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE